```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

EDWARD O. APAU,                    :
                                   :
            Plaintiff,             :
                                   :
    v.                             :  Civil Action No. 09-685-JJF
                                   :
PRINTPACK INC.,                    :
                                   :
            Defendant.             :
```

Timothy J. Wilson, Esquire of THE WILSON FIRM, Newark, Delaware.

Attorney for Plaintiff.

Teresa A. Cheek, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, Wilmington, Delaware.

Attorney for Defendant.

**MEMORANDUM OPINION**

July **8**, 2010
Wilmington, Delaware.

Farnan District Judge.

Pending before the Court is Defendant Printpack Inc.'s ("Printpack") Motion To Dismiss (D.I. 6) under Fed. R. Civ. P. 12(b)(6). Plaintiff Edward O. Apau opposes the Motion. (D.I. 10.)

For the reasons discussed, the Court will deny in part and grant in party Printpack's Motion to Dismiss.

## I. BACKGROUND

The instant action was initiated by Plaintiff on September 16, 2009, with the filing of his Complaint. (D.I. 1.) Mr. Apau asserts five claims relating to employment discrimination, specifically race discrimination under Title VII (Count I), national origin discrimination under Title VII (Count II), age discrimination under the Age Discrimination in Employment Act (Count III), and retaliation under Title VII (Counts IV and V). (Id.)

Mr. Apau is a sixty-four (64) year old African American who is originally from the country of Ghana. (Id. ¶ 5.) Mr. Apau was employed by Printpack from April 1986 to November 6, 2007, when his employment ended. (Id.) Additionally, Mr. Apau states that during his time at Printpack, he was the only African American and only person of African origin working the in the maintenance department. (Id. ¶ 6.) Plaintiff contends that his

2

termination was based on discrimination and was thus illegal.

In his Complaint, Mr. Apau asserts several allegations he contends demonstrate illegal discrimination and his wrongful termination. First, Mr. Apau states that throughout his more than twenty years of working for Printpack derogatory comments were regularly made by Printpack employees about African Americans and about people of African origin. (Id. ¶ 7.) Second, Mr. Apau states that he was disproportionately assigned the "hardest and dirtiest jobs" and received less favorable treatment in relation to his Caucasian coworkers, including being required to seek permission to use the restroom. (Id. ¶¶ 10-12.) Third, in October 2007, Mr. Apau spoke with Mr. Bloom, the Human Resources Manger for the Printpack New Castle facility, and complained that many of his coworkers did not want to work with him due to "hatred." (Id. ¶ 19.) At that meeting Mr. Bloom and Mr. Apau disagreed on the findings of Mr. Apau's performance reviews. (Id. ¶ 20.) Lastly, Mr. Apau states that Printpack "set forth a plan to terminate" him because Printpack was concerned about his advancing age and did not want to pay him retirement benefits. (Id. ¶¶ 14-16.)

The last incident Mr. Apau argues demonstrates discrimination, and ultimately led to his termination, also took place in the fall of 2007. On October 1, 2007, an expensive cylinder was damaged. (Id. ¶ 17.) Mr. Apau was blamed for the

3

damage by Printpack; however, he denied then and continues to deny responsibility for the damage. (Id. ¶ 18.) On October 29, 2007, Mr. Bloom and Mr. Willis met with Mr. Apau and requested that he sign a warning letter related to the damaged cylinder. (Id. ¶ 23.) Mr. Apau was informed that if he did not sign the letter he would be terminated. (Id. ¶ 24.) Mr. Apau refused to sign the letter and was escorted from the Printpack facility. (Id.) On November 2, 2007, Mr. Bloom sent Mr. Apau a letter stating that Mr. Apau had abandoned his job and accepting his resignation. (Id. ¶ 25.) Mr. Apau also states that on at least two other occasions cylinders were damaged by Caucasian employees who were not subsequently terminated nor punished. (Id. ¶ 26.)

## II. LEGAL STANDARD ON A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

4

Civ. P. 8(a). Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombly, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombly, 550 U.S. at 570.

## III. **PLAINTIFF'S CONTENTION THAT THE INSTANT MOTION SHOULD BE EVALUATED AS A MOTION FOR SUMMARY JUDGMENT**

Before addressing the merits of the instant Motion to Dismiss, the Court must address Mr. Apau's contention that the instant Motion should not be evaluated as a Motion to Dismiss,

but as a Motion for Summary Judgment. Mr. Apau argues that because Printpack attached several documents to its briefing on the instant Motion that were not attached to the pleading, the Motion must be converted to a Motion for Summary Judgment. (D.I. 10 at 8.) Printpack argues that the attached documents were specifically referenced in the Complaint and were thus properly included. (D.I. 13 at 3.) Printpack further contends that because the documents were properly included, the instant Motion should remain a Motion to Dismiss and the additional evidence and appendix included by Mr. Apau in his responsive briefing should be disregarded. (Id.)

Mr. Apau is correct that Fed. R. Civ. P. 12(d) converts a Motion to Dismiss to a Motion for Summary Judgment if matters outside the pleadings are presented and not excluded. However, Mr. Apau neglected to include a substantial caveat to that standard. The Third Circuit specifically stated that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); see also Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to

her claim."); Evanston Ins. Co. v. Layne Thomas Builders, Inc.,
635 F. Supp. 2d 348, 352 (D. Del. 2009).

In this case, all of the exhibits attached to Printpack's
opening brief were specifically referenced and relied upon in Mr.
Apau's Complaint and there is no dispute about their
authenticity. The exhibits are Mr. Apau's Printpack performance
review, the October 29, 2007 warning letter, and the
documentation of Mr. Apau's right to sue. Because the attached
exhibits are properly considered part of the pleadings, the
instant Motion will be evaluated as a Motion to Dismiss.
Additionally, the Appendix (D.I. 12) and references to it in Mr.
Apau's responsive briefing will not be considered by the Court in
evaluating the instant Motion.

## IV. **THE MOTION TO DISMISS**

The Supreme Court established that in order to sufficiently
plead a cause of action for employment discrimination, pleadings
do not require facts to support each element of a claim.
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).
Specifically, an employment discrimination pleading does not have
to meet the prima facie standard used to evaluate employment
discrimination. Id. (noting that the McDonnell Douglas prima
facie standard is not required in pleadings). Thus, the
previously mentioned "plausible" standard applies to the

evaluation of a Motion to Dismiss in an employment discrimination case.

## A. Counts I, II, and III

While the prima facie standard for employment discrimination actions is not a requirement in evaluating a Motion to Dismiss, the standard can be a useful structure in determining whether the pleadings present a reasonable inference of liability. The three forms of discrimination[1] asserted by Mr. Apau are all governed by the same prima facie standard, which consists of four elements: (1) plaintiff's membership in a protected class, (2) plaintiff's qualifications for the job in question, (3) an adverse employment action, and (4) circumstances that support an inference of discrimination. See Swierkiewicz, 534 U.S. at 510; Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 313 (3d Cir. 2000).

The parties do not dispute that the Complaint, when properly viewed in the light most favorable to Mr. Apau, supports concluding that there is a reasonable probability that the first two prongs of the prima facie standard will be meet based on Mr. Apau's race, national origin, age, and long employment with Printpack. The parties do dispute whether Mr. Apau has pled sufficient facts to allow a reasonable inference of a probability that there was an adverse employment action or any grounds to

---

[1]Race Discrimination and National Origin Discrimination under Title VII , 42 U.S.C. § 2000e-2(a) and Age Discrimination under 29 U.S.C. § 621 et al.

make an inference of discrimination.

Concerning adverse employment action, Printpack contends that the Complaint does not plead any facts that could give rise to a conclusion that Mr. Apau suffered an adverse employment action. (D.I. 7 at 13.) Printpack contends that Mr. Apau made a decision to resign from employment and was not terminated, because he was merely asked to sign a letter of warning that did not alter his employment status. (Id.) In response, Mr. Apau argues that the totality of discrimination in the work place constitutes an adverse employment action, and that the October 29, 2007, letter was an adverse employment action because it altered the employment relationship between Mr. Apau and Printpack based on the mandate to change behavior or face future punishment. (D.I. 10 at 9-15.) Additionally, Mr. Apau contends that his termination was an adverse employment action because it was the culmination of the alleged discrimination. (Id. at 15-16.)

In the Court's view, Mr. Apau has sufficiently pled facts for the Court to conclude that there is a reasonable probability that he was subject to an adverse employment action. Specifically, the assertions concerning the October 29, 2007, letter and Mr. Apau's ultimate termination demonstrate a reasonable probability that an adverse employment action took place because a disagreement about the nature of the dispute led

9

to Mr. Apau's termination from Printpack.

The final element of an employment discrimination prima facie case is circumstances that support an inference of discrimination. In considering this element, the Court will separate Count I and II from Count III.

First, racial discrimination and national origin discrimination are highly analogous and can be considered simultaneously. Printpack contends that the Complaint did not plead any facts that support a reasonable probability that an inference can be made that Mr. Apau was discriminated against based on race or national origin. (D.I. 7 at 13-16.) Additionally, Printpack argues that Mr. Apau's Complaint does not allege any facts that show that any of Mr. Apau's co-workers were similarly situated to himself and disparately treated. (Id. at 13-14.) Lastly, Printpack argues that allegations of derogatory comments over the course of employment without further factual support cannot be used to demonstrate discrimination. (Id. at 15-16.)

Mr. Apau contends he has met the minimal pleading standard required by showing a reasonable probability that he will be able to establish an inference of discrimination. (D.I. 10 at 16-18.) Mr. Apau further contends that the pleading standard in this situation is necessarily low because he cannot present the evidence of his alleged disparate treatment of Caucasian

employees until discovery has progressed.  (Id.)

The Court concludes that Mr. Apau has presented minimal, but sufficient factual pleadings to support the conclusion that he has a reasonable probability of establishing an inference of discrimination.  Although the facts alleged by Mr. Apau are rather sparse, the sufficiency of pleadings needed to establish a reasonable probability of showing an inference is necessarily low due to the need for discovery on the treatment of others.

Notably, Mr. Apau's Complaint presents specific factual allegations of disparate treatment between himself and Caucasian coworkers and an ongoing atmosphere of racial hostility.  (See D.I. 1 ¶¶ 12, 26-27.)  These facts are significantly more substantive than the facts that were found insufficient in Guirguis.  In Guirguis, the Third Circuit concluded that merely pleading that one was of Arab decent and was terminated was insufficient to demonstrate national origin discrimination. Guirguis v. Movers Specialty Servs., 346 Fed. Appx. 774, 776 (3d Cir. 2009); see also Golod v. Bank of Am. Corp., Civ. No. 08-746(NLH)(AMD), 2009 U.S. Dist. LEXIS 56134 *9-10 (D. Del. June 4, 2009)(noting that the failure to plead that nonmembers of the protected class were treated more favorably results in an insufficient pleading).

Thus, the Court concludes that Mr. Apau has sufficiently pled Count I (race discrimination) and Count II (national origin

discrimination) and Printpack's Motion to Dismiss will be denied as it relates to those counts.

Next, Count III and age discrimination must be evaluated in the context of determining whether the Complaint provided any facts to conclude a reasonable probability that an inference of discrimination can be established.

Printpack argues that Mr. Apau's Complaint did not present any evidence of age discrimination, but merely made the conclusion that younger employees were treated differently than he was. (D.I. 7 at 16-17.) Mr. Apau counters that he sufficiently pled that younger employees were treated differently than he was and that Printpack was specifically motivated in their actions based on Mr. Apau's advancing age. (D.I. 10 at 18-19.) Mr. Apau also argues that he is not required to plead that he was replaced by a younger worker because pleading factual direct evidence of discrimination will also suffice. (Id.)

The Court concludes that Count III is sufficiently pled to avoid a motion to dismiss. Although the Court is not persuaded that lost work time due to an auto accident provides any evidence of age discrimination nor that the conclusory statement that Printpack did not want to pay Mr. Apau retirement benefits are sufficient alone, Mr. Apau did assert facts concerning disparate treatment of workers based on age. (See D.I. 1 ¶¶ 26-27.) These assertions are sufficient to avoid a motion to dismiss on Count

12

III. Finally, Mr. Apau is not required to plead that he was replaced by a younger worker to establish a prima facie case at this juncture as he is not required to establish the prima facie standard in pleadings. See supra.

## B. Counts IV and V

Counts IV and V are both retaliation claims presented under Title VII alleging retaliation for Mr. Apau's complaints about race and national origin discrimination. Title VII prohibits retaliation against the protected activity of complaining about illegal discrimination by stating that: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed [an unlawful employment practice.]" 42 U.S.C. § 2000e-3. Printpack contends that Counts IV and V should be dismissed both for insufficient pleading (D.I. 7 at 17-18) and because Mr. Apau did not exhaust the necessary administrative remedies for these Counts. (Id. at 18-20.)

First, the Court will look at the retaliation claims in the context of whether or not they are sufficiently pled. "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) [he] engaged in a protected activity under Title VII; (2) the employer took an adverse action against [him]; and (3) there was a causal connection between the employee's participation in the protected activity and the

13

adverse employment action." Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 320 (3d Cir. 2008).

Printpack contends that Mr. Apau has not alleged that he engaged in protected activity during his employment because the totality of his complaint concerning protected activity states that other workers did not want to work with him based on "hatred." (D.I. 7 at 17-18.) Additionally, Printpack reasserts that there was no adverse employment action pled and thus there could be no causation with neither of the first two prongs satisfied. (Id.)

Mr. Apau argues that he did allege facts demonstrating his engagement in a protected activity because the Complaint states that "the reason [coworkers] did not want to work with [Mr. Apau] was due to 'hatred' - inferring that it was due to his race and national origin." (D.I. 1 ¶ 19; see also D.I. 10 at 20.) Furthermore, Mr. Apau reasserts his contention that he properly pled facts alleging an adverse employment action and that the close timing between the complaint and his termination is sufficient to establish causation. (D.I. 10 at 20-21.)

In the Court's view, Mr. Apau has not sufficiently pled facts that present a reasonable probability that he engaged in protected activity. Mr. Apau's sole factual assertion of protected activity is that during a discussion with Mr. Bloom the Human Resources Manager, Mr. Apau stated that the reason many

14

coworkers did not want to work with him was "hatred." (D.I. 1 ¶ 19.) Although the Complaint states that by saying "hatred" Mr. Apau was implying hatred due to racial and national origin discrimination, there is no factual support to this implication or that it was understood as such by Mr. Bloom. Mr. Bloom's response that he "hoped that [hatred] was not the case" (id.) does not indicate an understanding of Mr. Apau's alleged implication. Mr. Apau's simple complaint of "hatred" does not come close to approaching the necessary level of specificity to sufficiently plead engagement in protected activity. There is no factual support to the assertion that Mr. Apau's comment constituted a complaint about racial or national origin discrimination and thus no support that the comment constituted a protected activity. As the Court recently noted, complaints about unfair treatment require some specificity to function as protected conduct. Daughtry v. Family Dollar Stores, Inc., 634 F. Supp. 2d 475, 484 (D. Del. 2009)(citing Barber v. CSX Distribution Servs., 68 F.3d 394, 701-02 (3d Cir. 1995)). Mr. Apau's comment did not contain any specificity.

Thus, the Court will grant Printpack's Motion to Dismiss as it relates to Counts IV and V.

Lastly, Printpack contends that Counts IV and V should be dismissed because the relevant administrative remedies were not exhausted. In light of the Court's conclusion that Counts IV and

V should be dismissed as insufficiently pled, the contention concerning administrative remedies is moot.[2]

## V. CONCLUSION

For the reasons discussed, the Court will deny Printpack's Motion to Dismiss (D.I. 6) as it relates to Counts I, II, and III, and grant it as it relates to Counts IV and V.

An appropriate order will be entered.

---

[2]The Court notes that if it were to evaluate dismissal of Counts IV and V based on the argument that they did not exhaust their administrative remedies, the Court would dismiss the claims because they are not inherently implied by the discrimination claims nor were they presented to the EEOC in evaluating the claims in this action.    See Jeffries v. Potter, Civ. No. 06-707-JJF, 2009 U.S. Dist. LEXIS 13157 (D. Del. Feb. 19, 2009).